# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER JOYNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-919-MJR |
| | ) |
| ROGER WALKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Roger Joyner, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## FACTS ALLEGED

Beginning January 1, 2008, Illinois implemented the Smoke Free Illinois Act ("the Act"), which placed a state-wide ban on smoking indoors, with a few exceptions. *See* 410 ILCS § 82/1 *et seq*. The Act applies to public places, which include "all government owned vehicles and facilities." 410 ILCS § 82/10. State prisons are government owned facilities; thus, the Illinois Department of Corrections informed inmates that as of January 1, 2008, all tobacco products possessed by inmates would be considered contraband items.

While all inmates lost the ability to use all tobacco products, Joyner claims that the prohibition does not extend to the workers at Menard, who are allowed to use chew tobacco on the premises. Joyner also states that Menard employees are allowed to smoke outside the administration building at the main entrance. Joyner claims that by allowing employees to use tobacco products on state property but prohibiting inmates from such use, his constitutional rights have been violated.

## DISCUSSION

Joyner raises an equal protection claim, alleging that inmates are being discriminated against because they are not given the same freedom to use tobacco products as Menard employees. An individual who alleges an equal protection violation must prove "the existence of purposeful discrimination." *McCleskey v. Kemp* 481 U.S. 279, 292 (1987); citing *Whitus v. Georgia,* 385 U.S. 545, 550 (1967). It must be shown that there was discriminatory intent in order to establish a violation. *See Washington v. Davis*, 426 U.S. 229, 242 (1976); *Johnson v. City of Fort Wayne, Ind.,* 91 F.3d 922, 945 (7th Cir. 1996). Discriminatory intent and purpose is more than an awareness of consequences. It comes into being when the decision maker selected a particular course of action at least in part due to the adverse effects upon an identifiable group of individuals. *McCleskey v. Kemp*, 481 U.S. 279, 298 (1987).

Joyner attempts to use the Act to establish that by allowing employees to smoke outdoors

by the administrative building, and not allowing inmates to smoke outdoors within the prison perimeter, the inmates are being deliberately discriminated against. However, a plain reading of the Act points out that smoking is prohibited in public places and "in places of employment." 410 ILCS § 82/15 (2008). The Act prohibits smoking within 15 feet of any entrance to a public place or place of employment, but does not prohibit outdoor smoking further than 15 feet away from an entrance. *Id.* Thus, Menard employees are allowed to smoke outside of the administrative building, as long as they are not smoking closer than 15 feet from an entrance.

Additionally, the Act provides that any person "in control of any public place or place of employment may designate a non-enclosed area of a public place or place of employment, including outdoor areas, as an area where smoking is also prohibited." 410 ILCS § 82/30. Inmates at Menard, because they are confined to a government owned facility, are not allowed to smoke in any situation. It is clear that to allow Joyner to smoke within the prison as an inmate would violate the Act. Prisoners are prohibited from using tobacco products not because of their status as prisoners, but because of confinement to a public place. Thus, Joyner has failed to state a claim upon which relief may be granted.

### DISPOSITION

In summary, Joyner's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Joyner is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 6th day of July, 2009.**

                                          **s/ Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**